Yes. May it please the Court, my name is Melissa Jones, and I represent the appellant in this case, Antolin Andrews. I would like to reserve five minutes for rebuttal. The judgment of the District Court dismissing Mr. Andrews' action under Section 1915G should be vacated for three main reasons, and I note that any three of these reasons provides a sufficient basis for vacating the Court's judgment. First, the District Court committed reversible error by failing to grant Mr. Andrews the opportunity to rebut the Court's finding that he had three prior strikes under Andrews v. King. Second, the District Court erred in concluding that a prior case brought by Mr. Andrews that had been dismissed pursuant to Heck v. Humphreys constituted a strike, and also erred in concluding that a prior case, Rutter v. Vargas, constituted a strike. Could I stop you right there on the Heck thing? Yes. Aren't the cases that are dismissed under Heck v. Humphrey dismissed for plaintiffs' failure to say the claim upon which relief can be granted? Are you asking us to ignore other circuits that have found Heck cases to count as strikes under the PLRA? Yes, Your Honor, I am. For what reason? Well, the PLRA, Section 1915G, bars a prisoner from filing an action, IFP, if he has three prior cases that have either been dismissed as frivolous, malicious, or for failure to say the claim. I understand that. And we can see that the language that this Court uses in dismissing cases that are barred pursuant to Heck, the Court refers to those cases as being dismissed for failure to say the claim. However, if you look at the underlying intent of the PLRA, it's clear that its model towards the language for failure to say the claim is more akin to a Rule 12b-6 motion. And with respect to a Rule 12b-6 motion, the analysis that is conducted by the District Court is quite different than what is conducted at the level of Heck v. Humphrey. For a Heck case, the District Court simply looks at the underlying claims and determines if these claims are successful, will this implicate the fact or length of the person's confinement. If the answer is yes, the case is barred pursuant to Heck. However, in most instances, it's dismissed without prejudice. The prisoner is free to bring the claim as a habeas action, if that's appropriate. If at a later date his sentence is overturned or he's released, he can file his 1983 actions at that time. There's no analysis conducted whatsoever as to the merits of the case. In contrast, the ---- And it is dismissed. And it is dismissed, technically speaking, under our law for failure to state a claim. And the reason it's for failure to state a claim is because an element of the claim is or a necessary allegation is that the conviction's been overturned. So, therefore, he doesn't state a claim because he doesn't state that his conviction's been overturned. Is that not right? That is, Your Honor. But, again, I believe appellant submits that it's inconsistent with other rules within this circuit. For instance, in the Lopez v. Smith case, the court acknowledged that it's unfair to dismiss an action without granting the plaintiff, the prisoner, leave to amend because the prisoner would accumulate strikes and would be penalized not because the complaint is meritless, but because he's unskilled in the law, lacks counsel, and that's a result that's contrary to the pleading rules. And that's what happens with Heck cases frequently. It's a complex legal system. It's a complex doctrine, the Heck doctrine. A pro se prisoner who doesn't have the benefit of ---- But this is the difference. The problem here is that with regard to Heck, it's not just a pleading problem. It's that if this X hasn't happened, he doesn't have a cause of action. So the X is having his conviction overturned. So it's not simply that he didn't plead it right. Well, I disagree in one respect, Your Honor. He can bring many of those claims as a habeas corpus action. That leads me to another question. Why is it? I was wondering about this. Do you know why it is that these Heck cases really are dismissed other than simply converted to habeas? I mean, why can't we simply ---- Why wouldn't the district court at that juncture say, mend your pleading and turn it into a habeas? Why am I dismissing it? I don't know the answer to that, Your Honor. I think that would make sense from a procedural standpoint, especially with the recognition that pro se litigants don't have the understanding necessary sometimes to understand the distinction between a Heck claim or understand that a case that they might be filing as a 1983 action is more properly suited to be brought as a habeas corpus. I don't know why. Why should we even have to bother not trying to get out of doing work, whether the Heck problem is a strike or not, when, as you mentioned, he never went before the district court under 1915? Why shouldn't we remand it and let the district court in the first instance adjudicate that, and we can do away with the headache? I agree, Your Honor. I think there's ---- Do you think we should do it that way, or do you think we should take the bull by the horns, even though it was never before the district court, something we generally don't speak to unless we have the advice and counsel of the district court first? Well, it's certainly easier, and this court can resolve the case in Mr. Andrews' favor by simply concluding that the court did not allow him to ---- Well, we know that, but the question I'm asking was, should we resolve this when you're first opening, and I take it, your strongest suit here, and is that it never was before the district court, and therefore the whole case should be remanded to the district court? I think it should be remanded for that reason. I think also if this court wants to establish guidelines within the circuit as to how Heck cases should be treated ---- That's an advisory opinion. If we decide to remand it, the question really is not really before us. Well, the question is before you in the sense that the district court did determine that an action that had been dismissed pursuant to Heck constituted a strike. So this court can rule on that issue. I believe that issue ---- But if we determine that he had no right to make that determination unless he first heard from the parties in the district court, do we have the ability to speak to a question which is not fairly before us? I think the issue is fairly before the court, but I think it would be more appropriately remanded so that Mr. Andrews has an opportunity to rebut the presumption and the defense, if they wish, can also present evidence. But as ---- What would he say to rebut the presumption? Would he say this could have easily been turned into a habeas and I should have been given the opportunity to do it, or what would he say? Well, he would certainly be able to rebut the presumption with respect to the other claim, Rutter v. Vargas. And I understand the government to be conceding that, and I think that's out of the case. Okay. Is that not right? I'm not sure that the appellee is conceding that. If they are, I think then it has to be remanded because, Mr. Andrews, there is no finding, there is no conclusion that Mr. Andrews has three strikes. I think the appellee is not ---- You're just asking us to rely on some other ones. That's correct, Your Honor, and our position would be that that's inconsistent with Andrews v. King because Mr. Andrews does have the right to rebut any presumption. He does have the right to present evidence to the extent that he can on those other claims, and he believes ---- So quite aside from the heck, the heck, the claim that has the heck problem, my understanding is we have to remand anyway. I believe the court does need to remand because the district court did not comply with Andrews v. King and Mr. Andrews was not given his procedural rights under that decision. Well, let me ask this. Your position is that if we remand, we don't have to remand on the three strikes because you say as a matter of law that there was an imminent danger here. That's another argument in the alternative, Your Honor, yes. Okay. If we agree with that, then your position is we remand with directions to allow him to file without paying. That's correct, Your Honor. Okay. But once again, can we reach that? You're going to think I'm trying to get away from doing work here. Without ---- Can we just ---- Do we have to reach that if we're going to remand in the first instance on whether or not he's got three strikes? You don't need to reach it, Your Honor, if you're going to remand on that other basis. However, if you ---- The district court did say this was not an imminent danger. The district court did find it was not an imminent danger. How do you ---- What is your position? What is an imminent ---- How do you define an imminent danger? If you were going to write up a ---- Your first sentence in our opinion, an imminent danger is fill in the dots. This court has never defined the term, but other courts have said it's ---- But an imminent danger is you fill in the pressure. A plaintiff sufficiently alleges an imminent danger if he alleges an ongoing threat. And I believe that with Mr. Andrews' complaint read liberally, he did satisfy that requirement. That's how the Eighth Circuit has defined it. An imminent threat. An ongoing threat. The Eighth Circuit, the Third Circuit, they both have looked at this issue. Some of the examples, someone who said they had headaches and other symptoms as a result of exposure to dust, lint, and shower odor. The Seventh Circuit said that that constituted an imminent danger for purposes of ---- What is imminent? How soon is imminent? That's sort of ---- I mean no disrespect. That's sort of a waffle word itself, imminent. What's imminent? What's not imminent? And what's a threat? Well, I think as the Seventh Circuit recognized it, this Section 1915G is not the vehicle for determining the merits of the claim. So it should be ---- the terminology imminent danger should be liberally applied, especially with pro se litigants. Well, Counsel, in this case, hasn't he asserted that he has been housed with diseased inmates in the past on several occasions and that this is likely to be a continuing danger? Isn't that enough? That is enough, Your Honor, yes. He's alleged that he's been housed with inmates who have contagious diseases, that the defendants do nothing to screen inmates for contagious diseases, that there are ---- there's an epidemic of hepatitis within the CDC, and that, you know, they've denied his request to be isolated or for screening. The district courts found there was no ---- Do we owe some deference to the district court for the words imminent threat? I mean, that's sort of a ---- I just say sort of a ---- that's a very unusual expression, imminent threat, maybe even weasel words in some way. Do we owe them some deference since this Court said, no, there's no imminent threat here? No, I don't believe so, Your Honor. I think the Court improperly and unduly narrowly defined the term imminent danger. Well, is it a question of law that we can look at in the first instance, or do we have to find there's some ---- do we have to give some deference to the district court's consideration? I think no, Your Honor, because the district court applied such a narrow ---- the district court basically said, looking at Mr. Andrews' complaint, it concluded that because he alleged a past harm that he didn't meet the requirement of imminent danger. But if you read Mr. Andrews' complaint liberally, as it should be read here, he certainly did allege an ongoing threat, an ongoing harm, and therefore would meet the standard for imminent danger. So the district court's interpretation of that term was really ---- Did he allege that at the time he filed the complaint there was a diseased person in his ---- To be frank, Your Honor, I think his complaint is somewhat vague on that point. He alleged that within the past five months he had been housed with people that he knew to have contagious diseases. It didn't say at this time I am or am not. It was quite vague, but I think it should be read ---- Also, did he say he had gotten hepatitis C or he might get hepatitis C or ---- He did say that he contracted ---- A bad disease. Yes. I mean, it was vague on that point. But if nothing else, the district court should have given him leave to amend his complaint to allege facts to meet the imminent danger exception. The court didn't do that in this case. It just asked him to provide a pleading showing how he had already met that standard and did not grant him leave to amend. Do you want to reserve time or ---- Yes. If the Court has no further questions, I'll reserve the remaining time for rebuttal. Thank you. Good morning, Your Honors, and may it please the Court. My name is Megan O'Carroll of the California Attorney General's Office, appearing on behalf of Defendant James Tilton. In any civil ---- for any civil litigant, proceeding in form of papyrus is a privilege and not a right. In Section 1915G, Congress directed the Federal courts to withhold the IFP privilege from certain inmates, those with three prior qualifying dismissals, who are not in imminent danger. Plaintiff falls into this category, and, therefore, this Court should uphold the district court's ruling ---- Counsel, let me just stop you right there. You, in your brief, you cite Demelik and Abdul-Akbar. But aren't they distinguishable in that, in those cases, there were specific incidents, not, as in this case, the threat of continuing danger? What is your response? Well, in responding to that issue on the question of imminent danger, if any allegation of a potential future harm or ongoing condition is to be considered imminent danger, that will essentially have an exception swallowing the ruling. Well, not any. Any one that affects somebody's physical health. Right. And which continues in a way that at any particular time it can present a danger, which is what he's saying here. Yes, Your Honor. However, given that most prisoner claims are regarding prison conditions generally, this will cover an enormous ---- But this is not a prison condition generally. It's specifically about his physical health. Well, specifically he's claiming, for example, that he will contract AIDS from having to share a toilet with inmates who may have that, may be HIV positive. So he's claiming also conditions regarding helicobacter pylori, which is actually ---- But that's a judgment on the merits, okay? I mean, we have to judge this on the pleadings, right? Right. That's true, Your Honor. And then restricting then the consideration strictly not to the policy ramifications but to the actual pleadings in this instance, it's not, for example, as you've noted previously, a habeas claim. He's asking for $2.6 million in this complaint because of these prison conditions. That's not the question at this point. Well, however, the question would be then if he was to bring the matter as a habeas claim, not requesting money damages, then the provisions of Section 1915G would not apply. This has nothing to do with a habeas. This claim has nothing to do with habeas. This claim, the one that we're talking about now. Right. Being a civil action, one in which the plaintiff is requesting money damages, Section 1915G should apply to only imminent danger. For example, conditions where ---- I understand that. But the only issue we have now is do we allow him to file in form of paupers? If he files in form of paupers, he can still lose on the pleadings before he gets another step along the way. Right? There are various stages here. Yes, Your Honor. So in order to decide that question, presumably we look at the pleadings. We don't start asking questions about is he really going to get sick from AIDS the way he says and so on. We just look at the pleadings. Do you agree with that far? I do, Your Honor. Okay. So then what? Well, in this instance, on these pleadings alone, he has not alleged that he is in imminent danger. He alleged that he contracted a disease in the past. He's concerned that in the future he may be housed with inmates that were ---- And he has been lots of times, he says. In the past, yes. And he says there's no screening for diseases. That's true. However, the magistrate judge found, and I would want to point out he did give the plaintiff an opportunity to show additional facts, to show he was actually in harm's way at the time he filed his complaint. The magistrate judge found that he failed to do that, and the district court agreed with that, because at the actual time he filed his complaint, which is the plain language of Section 1915g, that was not the plaintiff's allegation. Well, fairly and liberally read, what does ---- what does ---- what is an imminent ---- how imminent and what would satisfy the 1915g, in your view? Well, in this instance, Your Honor, in Section 1915g, I would point out, is extremely limited, because all it's doing is ---- No, Your Honor, answer my question. What does he have to allege? He's alleged, I think, liberally and fairly read, that he's housed and that he's concerned that there's these communicable diseases which he's going to contract if something is not, you know, and he's in harm's way. This is what he alleges, liberally read. Now, why isn't that a legitimate way of looking at this, that he's saying these diseases are not properly taken care of by the prison officials and that I'm afraid that I'm going to contract something? Why can't we read it that way? Because it's hypothetical and speculative. Well, yes, but we're just dealing with the pleadings. He might be, you know, completely wrong, but we're just taking what he says as true, even though we're not saying it has merit or not. But even just looking at what he's saying, he's speculating that he may be in situations where he could become ill in the future. Well, it's highly likely, a great probability, because of past instances of being housed with disease inmates. Isn't that correct? His claim is that he thinks it will become likely, yes. So he's asked to complain. Well, doesn't that show that he's in harm's way, that it's highly likely that you're going to get communicable disease? No, Your Honor. In the narrow context of whether the inmate can bring the lawsuit for free, the eminent danger exception should be limited to the inmate must say he's in actual danger at the time he files his complaint, meaning he is housed with an inmate or he is in the process of contracting. Have other circuits ruled that he has to show he's, the bullet is at his head, so to speak? Other circuits, well, in the Malik case, they did find that ongoing conditions could be the basis for his imminent. Could be. Could be is hypothetical to me. Yes, Your Honor. They found in that instance they permitted the inmate to proceed without. What's the difference between could be and the allegations he's made here? Well, first of all, I'm asking that this Court would limit the ruling, like, for example, in Malik and the other circuits, and not apply it that way. Incidentally, not to get away from this, but he never went before the district judge to have the opportunity to controvert that he does not have three strikes or that he is in imminent danger. Do we have to even get involved in that? Don't we just have to remand this to the district court and say, look, we're not going to rule on any of these issues, three strikes, imminent danger, because you never gave the inmate the opportunity to give his position on these issues? No, Your Honor. There is no reason to remand this case to the district court just to resolve the issue of whether plaintiff has three strikes. But you acknowledge that under the statute that is the procedure which is spelled out, not that you go directly to the court of appeals if the district judge doesn't. But you go to the court of appeals before the district court has an opportunity to make a record? Your Honor, there is nothing in the statute itself. I think perhaps you may be referring to the case of Andrews v. King. I am. Yes. In this instance, plaintiff is asking this Court to extend the ruling in Andrews v. King to cover not only notice motions brought by the defendants, which was the case in Andrews v. King, but also the way district courts carry out their screening obligations under the PLR. That seems more so. That would seem more so. What I am saying is this. If there is a motion, then you have at least somebody contending that there is a strike. But if there is no motion and the district court is just looking at it himself and he is just making up his own mind that it is a strike, you would think that he would want to get the opinion of the parties first. Well, Your Honor, under the Prison Litigation Reform Act, courts are required to screen complaints. And that is an enormous burden on the district courts. They have to make a decision in each and every one of their cases whether to even close it. But what would be the rationale for applying Andrews v. King when there was a motion, but not if there isn't a motion? The intent and purpose of the Prison Litigation Reform Act, which is that the district courts shall screen out. Well, that might be a reason for not having Andrews v. King. But we have Andrews v. King. So what's the rationale for having that case but applying it only when there is a motion? Because in that instance, the court had already completed its screening process. It had ordered service on the defendants. The case was underway. The defendants brought a notice motion. It's just for example, if the court screens out a case for failure to state a claim, there is a very different procedure used than if the defendants raised the motion under Rule 12b-6. Yes, but doesn't the statute advise that before you get rid of a claim because there's three strikes, you have to file an order requiring the prisoner or a motion to show cause why it shouldn't be dismissed for three strikes and no imminent danger? No, Your Honor. I'm not familiar with the provision you're referring to. There have been. Does the statute contemplate that you file an order requiring to show that or bring on for hearing and does that have to be argued? I don't have an application as to why it shouldn't be stricken for failure to because three strikes are shown by the government or whatever. The statute does not require it. In fact, the Prison Litigation Reform Act suggests that the district courts should screen out cases for various reasons even before docketing if practicable. In an instance where the defendants have been served and are bringing a motion, it's understandable that Andrews v. King would need to allocate the burden of proof. But in an instance like this when we're screening, when the district courts are screening a case to import notice and hearing procedures into the screening process. That's true, but the district court can make a big mistake, couldn't it? In this instance, for example, it did. It did make a big mistake, didn't it? Because even by your, you concede that this Rutter case shouldn't have been counted. That's true. The defendant does concede that, Your Honor. All right. So if you don't have any notice to the defendant, you just dismiss the case, what's Well, exactly the same thing that would happen if the district court screens out the case for failure to state a claim and say, for example, they get that wrong and it comes up on appeal. That, as this, as these three strikes, is a pure legal question and one which this court can address just as well as if this court had a case before it. The district court's in a much better position and can handle this. For a prisoner to have to come to the court of appeals for a question like this is something that should be in the first instance resolved by the district court. And what do we do with Andrews? We're going to just ignore it? No, Your Honor. Distinguish it because this case is not a notice motion brought by defendants. And to import screening and notice procedures into the court's screening, I beg your pardon, hearing and notice procedures into the court's screening process would overhaul the way district courts currently screen all inmate cases, whether for determining IFP. Absolutely improper. Well, it's nearly half of their docket. And if they were to let an inmate have an opportunity to be heard in every one of its decisions, it would overhaul the purpose and intent of the PLRA, which Congress determined was to make sure that these cases were screened out as soon as possible. Here's a question. But in this instance, this is how this case sets up, as I understand it. You do concede that Rudder's out? Yes, Your Honor. Okay. You're suggesting now that we should add some strikes? Yes, Your Honor. All right. First of all, are the strikes discretionary? I'm not sure I understand the question. Is counting something as a strike mandatory or discretionary under the statute? Under the PLRA, it's required. It's not up to the district court whether a certain prior case should count? In no event shall the district court permit the case to go forward if the inmate has three strikes. So you're asking us to just look at the face of these complaints about which we know nothing and to decide that they were strikes? Yes, Your Honor. And when you say about which you know nothing, it's actually a purely legal question. Either the inmate in those previous cases failed the state of claim or he did. It's not factual. Well, that may be true as to failure of state of claim. But you have other instances. The statute, which is a little odd, is frivolous, what, malicious? Is that the other word? Yes. Or failure of state of claim. And frivolous or malicious, we certainly couldn't tell in this case. Frivolous or malicious, we certainly couldn't tell in the face. But the district – well, actually, the frivolous and malicious determination is made by looking at the allegations in the complaint. So you would want us knowing – just looking at the complaint, a prior complaint, to just say this was a frivolous complaint and we don't know anything? Yes, Your Honor. That's the way strikes are calculated, by looking at the face of the complaint. Would you put an appeal? I don't have any precedent for having it occurred that way. But there's no reason why this court cannot make the determination just as well as the district court would and as they do every time when they evaluate. Do we have to give the prisoner an opportunity to rebut the fact that it's frivolous if he comes to the court of appeals with this question? If the inmate appeals it in the Ninth Circuit, then yes, he would have – he always has the ability to rebut. So we're going to have a little motion, practice, or evidentiary hearing in the court of appeals on this question? On the purely legal question, just as you would any other properly brought appeal. But under Andrews v. King, the defendant has a right to rebut. Yes. Where does he get it if you're saying we should make the decision now without any kind of evidentiary hearing or chance to rebut? He got it in that instance in Andrews v. King because the court had already screened the complaint and determined Plaintiff was entitled to inform of pauperous status, and then the defendants made a properly noticed motion complaining about the court's ruling and asking the court to withdraw his inform of pauperous status. Well, then you're saying without a motion he doesn't get a chance. He doesn't get a chance. Chance to rebut. He doesn't get a chance. Typically, inmates no, do not. That's the way the screening is currently conducted, and that's in keeping with the intent of the Prison Litigation Reform Act. I mean, as a practical matter, as in this case, the magistrate judge is the one who determines it. So I suppose he would have a chance to take an appeal to the district court in any event. That, I know, is the way it occurs in the Eastern District. It's done by the findings and recommendations. And I would point out, even if this court did want to overhaul the way the screening process currently works so that an inmate has an opportunity to rebut any time the district court screens the complaint out and denies him leave to proceed for free, this is not the correct case because, as you point out, the inmate did get an opportunity to file objections. And what's critical about it is that in his objections to the magistrate judge's filings and recommendation, the inmate did not raise the issue that Rudder v. Vargas should not count as a strike. To switch gears, do you want to address briefly whether the Heck v. Humphrey dismissal counts? And in particular, I am troubled by the question of why ordinarily a Heck v. Humphrey dismissal shouldn't be accompanied by basically an authority to amend the complaint to turn it into a habeas. In other words, why is it actually a dismissal at all, as opposed to simply something that would give rise to a leave to amend? I understand the concern. And I have seen instances where the reverse is true, where the inmate files a habeas action, but he's asking for money damages, and so the court turns it into a Section 1983 complaint. I'm trying to think offhand of any instances where the reverse has occurred. I'm not familiar with them. But why not conceptually? And if that's really what we're suing here, and essentially these are dismissals without prejudice, because what we're really saying is, okay, now file it as a habeas, then why should it count? I understand it's for failure to state a claim, but it's really for failure to call it the right thing. Well, conceptually, it would seem that if an inmate is suing for money damages, the court cannot just change that complaint, those allegations, into a habeas claim, because the prayer for relief. That's not the answer to it. The complaint on its face did not say that he was seeking to be extradited or released from confinement. So in this particular case, it can't be converted to a habeas. But in some 1983 cases, it can be when the gravamen of the complaint is on being improperly held. But this is not that case, so it was properly dismissed. Precisely. Precisely. Just straighten me out, because I'm a little confused. What is your best definition of imminent danger? And I'm a little concerned with both aspects of that, imminent, how imminent does it mean now here and this incident, and danger. There's a lot of dangers outside there. You know, and how do you define those two terms? Well, imminent, I would say, in this context, refers to harm that could occur at the time, that is occurring at the time the inmate actually files the complaint. Suppose it's going to happen next week or next month? I suppose the best – The complaint states I'm subject to contracting a disease which will have a gestation period, but it will clear its ugly head in one week or one month. There's really no useful way, by looking strictly at the definition of imminent, to determine whether the exception to Section 1913 – Well, we've got to get through it. That's what it says. You know, like it or not, that's – this is not our bright idea. Someone used this term in the statute. We have to determine how imminent is imminent. Therefore, the best way to interpret it would be in the context of why the law was passed, of the Prison Litigation Reform Act. And that was to determine that being able to bring a lawsuit for free, when you've already had several other lawsuits dismissed, is a privilege and not a right. And only in very limited – Yeah. I mean, one of the problems here is that we've, in the meanwhile, been raising the filing rates for filing to the fact that they're not trivial anymore. I mean, they're extremely high, actually. Approximately $350 now? For $450 or something to file an appeal in this Court. That wasn't – and that's all happened since the Prison Litigation Reform Act. So, I mean, we're really getting to the point where not filing in form of porpoises is really not filing for most of these people. Well, however, inmates do make money, and the purpose of the Prison Litigation Reform Act – I know, and that was reasonable at the point that we were charging $100 or something for – I mean, I understand I'm taking – having a problem with the statute because of changes that have occurred since the statute. But I don't think – I think you – I guess what I'm saying is this. You need to recognize that the privilege notion turns into a barrier when the amount of – the rate of filing becomes high enough. I notice I'm exactly out of time now. I think, unless you have something pressing to say, perhaps we should interrupt. Thank you very much. I appreciate your argument. It was useful. Thank you. Just a few points. First, the imminent danger exception should be construed to be ongoing danger, and it should be liberally construed. Other courts have found exposure to dust constitutes an imminent danger. Being placed near – people who are on – Exposure to dust by somebody with asthma. Excuse me? By somebody with asthma. That's just anybody. Right. Okay. Who had – but who was suffering some symptoms. But also being placed near enemies that are on an enemy list, that constitutes an imminent danger, and this Court should construe it broadly because it is not set to be a determination of the merits of the allegations or whether or not the facts can be proved. Secondly, Andrews v. King is not limited to an instance when the defendant raises it as an affirmative motion, as this Court recognized. And the Court's obligation to screen the cases does not negate Mr. Andrews' right or other prisoners' rights. What procedure comes out of this, then? If a – I mean, often what happens, as I understand it, is that the district – the district court itself is pretty familiar with the prior filings. And if he or she looks at the prior filings and says, oh, there are, you know, 10 of them, then what? Does he have to – does the – does there have to be a notice to show cause why they shouldn't be – that is how we handle it here, by the way. But what would you suggest? Yes, Your Honor, I believe the Court should issue an order stating that based on their preliminary analysis. There are three prior strikes and identifying what strikes are and then, you know, enabling the prisoner to file a response within some set amount of time to rebut that presumption and present any evidence that the prisoner ultimately has the burden under Andrews v. King. But in this case – See, it's sort of odd because evidence isn't really the point, right? I mean, you have a – you have a plea. It's sort of like looking at prior convictions for purposes of Taylor analysis. We spend an enormous amount of time trying to figure out what kind of documents are going to be controlling, but we don't look at evidence exactly. I mean, it's not – what's it going to show other than the pleading itself? Well, for instance, that could be the evidence, Your Honor. It could be the pleading. It could be the ruling. The Court may be just relying on PACER. For instance, with respect to one of the cases cited by the appellee, Wing 2, the plaintiff in this case, Mr. Andrews, believes he could show that that was not duplicative. There was a court error in the filing, and it wasn't something that he intentionally filed repeatedly, and it was a clerk's error, and therefore it shouldn't constitute a strike. So that's the type of evidence that can be presented, because sometimes the Court may just – It's more argument than evidence, though, really. Certainly, yeah.  that should be allowed to be submitted. And so for that reason, he certainly has the opportunity. It doesn't make sense to have to make petitioners file appeals. This is not the proper form for evidence to be presented, and the new cases cited by appellees shouldn't be considered here. It should be remanded so that the Court – so that Mr. Andrews does have the right to present evidence and argument to rebut the presumption. And finally, I would urge the Court to determine that Heck v. Humphrey does not constitute a strike. It's an issue of first impression. It certainly is at issue here, because one of the cases that the District Court found to constitute a strike, Andrews v. Heafey, was a dismissal based on Heck. And there is a need in this circuit to have clarity with respect to this issue on whether or not it will bar prisoners from filing subsequent claims if there's been a dismissal under Heck. It's also – to find that a dismissal under Heck constitutes a strike under 1915g is inconsistent with this Court's decisions in other cases, like the en banc panel's decision in Lopez v. Smith, where there was a concern that if a petitioner is not allowed an opportunity to amend, he's going to be, because of technical errors, accumulating strikes. The problem you have is that failure of state of claim is a terminology with a history, and which is used in other contexts, and which is used in this context has been determined – So how can we say it isn't? Because the analysis that's done for a 12b-6, Your Honor, is completely different than what they do for a Heck claim. The analysis for a 12b-6 – Wait a minute. A dismissal – if you have a Heck claim, the motion that you will make is a 12b-6 motion, and it will be dismissed into 12b-6. So it's not completely different. It is 12b-6. So you're asking us now to say that even though it was dismissed into 12b-6, which it almost undoubtedly was, that we're going to use the same language in this statute to mean something else. Yes, Your Honor, because for a typical 12b-6 motion, the court construes all inferences in the non-moving party's favor and the prisoner's favor, and states, you know, if there's no possibility that a claim could be presented, the case has to be dismissed. And there's a judgment as to the merits of the claim, and there is not such a similar judgment for Heck. But it is technically – it is a 12b-6 motion, and it is a dismissal for failure to state a claim, right, when it happens. It is. Correct. So how do we now turn around and say, but it isn't? Because it's inconsistent with the purpose of Section 1915G, which was to prevent prisoners from filing frivolous, malicious claims that have no merit. Yes, if it didn't have the next phrase, which is a little hard to figure what it's doing there, but it's failure to state a claim. That's the phrase. I mean, it's disturbing because dismissals for failure to state a claim are often far from frivolous. After a great deal of legal analysis, it's determined that they didn't state a claim, but it doesn't prove anything about frivolousness. Nonetheless, it's sitting there in the statute. But it's a determination that it lacks merit, and there's not an equal determination in the Heck case. Well, there is, because it was dismissed for failure to state a claim. But it's typically dismissed without prejudice. The same case can be brought at a later date. The same case can be brought as a habeas action. You're basically saying, more generally than just Heck, that a dismissal without prejudice doesn't count. That would be a more coherent rule, frankly. I think that that would be a fair reading, a fair application of 1915G, a dismissal without prejudice, certainly. And I believe also, though, that Heck, a case that's dismissed pursuant to Heck, it's dismissed simply because it's mislabeled. It's not appropriate at that time. It's not that the merits of the underlying action – that the underlying claims lack merit. And there's no determination of that. Okay. Thank you very much, counsel. We appreciate your argument. The case of Andrews v. Trevante is submitted. And we will go to the last case of the day, which is Zillow v. Chenelle. Thank you. Thank you.
judges: D.W. Nelson, Cowen, Berzon